UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-cv-00754-FDW

| | | |
|---|---|---|
| **JAMES CROWE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| **MECKLENBURG COUNTY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I. BACKGROUND

Pro se Plaintiff James Crowe is currently detained at the Mecklenburg County Detention Center in Charlotte, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on September 21, 2026, against 18 Defendants, including Mecklenburg County, the City of Charlotte, the Charlotte Mecklenburg Police Department (CMPD), numerous CMPD officers, and various municipal entities. [Doc. 1]. Plaintiff purports to sue Defendants in their individual and official capacities. [Id. at 2-3, 14]. He alleges as follows.

On April 20, 2025, Plaintiff was smoking a blunt when approached by multiple CMPD officers, including Defendant Y. Kim. [Id. at 12]. Defendant Kim told Plaintiff to put out the blunt or he was going to jail. Plaintiff replied, "This isn't illegal." [Id.]. Defendant Kim responded, "You're going to jail." Defendant Kim then pushed the Plaintiff "initiating a fight," as other officers surrounded Plaintiff. [Id.]. Defendant Kim swung at the Plaintiff. Plaintiff dodged

the punch and "landed the first blow." [Id.]. The other officers "were already swinging at the same time as" Defendant Kim. [Id.]. Plaintiff's face was dragged across the concrete. [Id. at 12]. He was beaten by "multiple officers." [Id. at 5]. Plaintiff was treated at the hospital, where he watched officers conspire regarding how they were going to justify their actions. Plaintiff was then taken to jail, where he was held until February 18, 2026, two and a half days after the charges were dismissed. [Id. at 12]. Plaintiff never had a probable cause hearing, and the Assistant District Attorney and District Attorney's Office did not produce discovery as required by law. [Id. at 12-13]. When Plaintiff's belongings were returned on his release, they smelled of urine. [Id. at 13].

Plaintiff purports to state claims: for violation of his Fourth Amendment rights based on malicious prosecution, false imprisonment, excessive force, and "probable cause violation;" for violation of his Fourteenth Amendment due process rights; for violation of N.C. Gen. Stat. § 15A-611; and under 42 U.S.C. §§ 1981 and 1985(3).[1] [Doc. 1 at 3]. Plaintiff claims he suffered scars and contusions from the incident. [Id. at 5]. Plaintiff seeks monetary relief, including clearing his jail account debt. [Id.].

The Plaintiff is no stranger to this Court. He has filed numerous § 1983 actions in this Court, resulting in at least seven dismissals due to his failure to comply with the Court's rules and orders. See, e.g., Crowe v. Montgomery, 3:25-cv-603-MR (dismissing on April 6, 2026 for failing to amend and update his address); Crowe v. Mecklenburg County, 3:26-cv-651-FDW (dismissing on September 18, 2026 for failing to sign the complaint); Crowe v. Canty, 3:25-cv-717-MR (dismissing on April 6, 2026 for failing to update his address); Crowe v. Muth, 3:25-cv-1019-MR (same on April 2, 2026); Crowe v. Aramark, 3:26-cv-57-KDB (same); Crowe v. Mecklenburg County Sheriff's Office, 3:26-cv-111-MEO (same); Crowe v. Creed, 3:26-cv-110-MOC (same on

[1] The Court will address only those claims fairly raised by Plaintiff's Complaint. Any claims not specifically addressed are dismissed for Plaintiff's failure to state a claim for relief.

April 10, 2026).

He has been specifically cautioned against engaging in piecemeal, scattershot, and duplicative litigation. See, e.g., Crowe v. Montgomery, 3:25-cv-603-MR, Doc. 16 at 8 (cautioning the Plaintiff that "scattershot claims will be summarily dismissed," and that "piecemeal amendment will not be permitted"); Crowe v. Canty, 3:25-cv-717-MR, Doc. 10 (dismissing the scattershot complaint on initial review and cautioning Plaintiff that piecemeal amendment will not be permitted).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171.

While the Court must carefully review a complaint to determine if a plaintiff has alleged facts sufficient to support his claims, White v. White, 886 F.2d 721, 722-723 (4th Cir. 1989), the Court need not act as a pro se plaintiff's advocate or scour a complaint to discern the plaintiff's unexpressed intent, see Williams v. Ozmint, 716 F.3d 801, 803 (4th Cir. 2013).

Here, Plaintiff fails to state which claim or claims he purports to assert against any of the Defendants he names and fails to allege personal participation by all but one of the individual Defendants. The Court declines to separately address Plaintiff's failure to state claims against each Defendant absent some tenable basis for a claim under the alleged facts. Defendants and claims not specifically addressed below, therefore, are dismissed for Plaintiff's failure to state a claim for relief.

### A. Official Capacity Claims

Plaintiff here purports to sue Defendants in their individual and official capacities. Suits

against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)). Municipalities and governmental entities are not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120–21 (1992) (quoting Monell, 436 U.S. at 691). That is, for a governmental entity to be responsible under § 1983, the official "policy or custom" must be "the moving force of the constitutional violation." Monell, 436 U.S. at 694. Because the Plaintiff does not allege that any official policy or custom was the moving force behind any constitutional violation, the Court will dismiss Plaintiff's official capacity claims.

**B. Fourth Amendment**

**1. Excessive Force**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. amend. IV. Claims alleging that law enforcement officials used excessive force during the course of arrest, investigatory stop, or other seizure should be analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386 (1989). "[I]n analyzing an excessive force claim, a court must determine whether the force was objectively unreasonable in light of the 'facts and circumstances of each particular case.'" Lombardo v. City of St. Louis, 594 U.S. 464, 466 n.2 (2021) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)); see Somers v. Devine, 132 F.4th 689, 698 (4th Cir. 2025) (the Fourth and Fourteenth Amendment excessive force inquiries are "functionally identical"). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. Factors relevant to this

inquiry include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kingsley, 576 U.S. at 397; see Barnes v. Felix, 605 U.S. 73, 76 (2025).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's Fourth Amendment excessive force claim against Defendant Kim survives initial review as not clearly frivolous. Plaintiff, however, has failed to state an excessive force claim against any other Defendant. That is, Plaintiff fails to allege which other Defendant or Defendants used excessive force against him.

**2. False Arrest and Malicious Prosecution**

Section 1983 provides a federal cause of action for Fourth Amendment false arrest. Wallace v. Kato, 549 U.S. 384 (2007). "False arrest and false imprisonment overlap; the former is a species of the latter. Wallace, 549 U.S. at 387-88. An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). Probable cause to justify an arrest means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897

(4th Cir. 2013).

A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). To state a malicious prosecution claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). To demonstrate a favorable termination of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff need only show that his prosecution ended without a conviction. Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022).

To be sure, "[a] claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest was made pursuant to a warrant lacked probable cause." Smith v. Munday, 848 F.3d 248, 257 (4th Cir. 2017).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a Fourth Amendment false arrest or malicious prosecution claim against any Defendant. Plaintiff alleges only that he was taken to jail after the incident and eventually released after the charges were dropped. These allegations are insufficient to show that Plaintiff was arrested without probable cause or pursuant to a warrant, respectively.[2] See Munday, 848 F.3d at 257. The Court, therefore, will dismiss these claims.

**C. N.C. Gen. Stat. § 15A-611 and Due Process**

It appears Plaintiff purports to state a claim for violation of his Fourteenth Amendment due process rights because he did not receive a probable cause hearing under N.C. Gen. Stat. § 15A-

[2] Moreover, in another case recently filed by the Plaintiff in this Court, Plaintiff alleges that these charges were "brought back" and that he remains detained pursuant thereto. [Crowe v. Mecklenburg County, 3:26-cv-00756, Doc. 1 at 4-5].

611. [See Doc. 1 at 3, 12-13]. The law is well-settled, however, that there is no constitutional right to a probable cause hearing. State v. Wiggins, 431 S.E.2d 755, 760 (N.C. 1993). Moreover, Plaintiff's allegations on these claims are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Court, therefore, will dismiss these claims.

**D. 42 U.S.C. §§ 1981 and 1985(3)**

Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Plaintiff fails to allege how this provision was violated or by which Defendant or Defendants. Moreover, the Court fails to see how it is implicated by Plaintiff's allegations. As such, the Court will dismiss Plaintiff's purported claim under § 1981.

To state a claim under § 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009). Courts reject "section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Williams, at *5 (quoting Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995)).

The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." Simmons, 47 F.3d at 1377. To allege a conspiracy, a party must show that two or more persons acted in concert to commit an unlawful act or to commit a lawful act by unlawful means. See id. at 1376. Further, "a party must show an agreement or meeting of the minds between parties to inflict a wrong or injury upon another that results in damage." Williams, at *5 (citations omitted). A plaintiff must also show harm resulting from the alleged conspiracy. Id. (citations omitted).

Taking Plaintiff's allegations as true and drawing reasonable inferences therefrom in Plaintiff's favor, Plaintiff has failed to allege a conspiracy to deprive his civil rights. Plaintiff alleges only that he "watch[ed] the officers conspire on bodycam how they were going to justify their actions." [Doc. 1 at 12]. This is plainly not enough to state a claim under Section 1985. The Court will dismiss this claim on initial review.

**E. Personal Property**

To the extent Plaintiff purports to state a claim regarding the condition of his returned personal property, he has failed to do so. That is, claims under § 1983 based on the deprivation of his personal property are unavailable because he has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."). The Court, therefore, will dismiss this claim.

**E. State Law Claims**

Federal district courts may entertain claims not otherwise within their adjudicatory

authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also dismiss the related state claims if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; or (3) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1), (2), and (4).

To the extent that the Plaintiff seeks relief under North Carolina law for false arrest or malicious prosecution, the Court declines to exercise supplemental jurisdiction, as no related federal claim has passed initial review. Accordingly, those claims are dismissed without prejudice.

## IV. CONCLUSION

In sum, Plaintiff's Fourth Amendment excessive force claim against Defendant Kim survives initial review as not clearly frivolous. Plaintiff's remaining claims and the remaining Defendants are dismissed for Plaintiff's failure to state a claim for relief.

**The Plaintiff is strongly cautioned that the continued failure to comply with the Court's orders, or engaging in other abusive litigation practices, may result in the imposition of sanctions including dismissal and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court**.

**ORDER**

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's individual capacity Fourth Amendment excessive force claim against Defendant Kim, which passes initial review.

**IT IS FURTHER ORDERED** that all other Defendants are hereby **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Clerk is directed to mail one (1) blank summons form to Plaintiff for Plaintiff to fill out and identify Defendant Kim for service of process,and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendant Kim.

**IT IS SO ORDERED**.

Signed: October 7, 2026

Frank D. Whitney
Senior United States District Judge